**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 22-1375

—————————

MOMODU FES ROGERS,
                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

—————————

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(No. A077-603-374)
Immigration Judge: Jason L. Pope

—————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 11, 2023

Before: BIBAS, PORTER, and FREEMAN, *Circuit Judges*

(Filed: December 15, 2023)

—————————

OPINION*

—————————

**BIBAS**, *Circuit Judge*.

Momodu Fes Rogers is a native and citizen of Sierra Leone. Three decades ago, rebels

attacked his village, stabbed him in the neck, beat him and his family, raped his sisters,

—————————

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

dragged away his father, and set his village on fire. So he came to the United States as a refugee and became a lawful permanent resident.

Rogers suffers from post-traumatic stress disorder and alcoholism. To buy alcohol, he started stealing scrap metal. But he was caught, convicted, and sentenced to three years in prison. When the government began removal proceedings, he conceded removability as an aggravated felon. But he applied for asylum, withholding of removal, and protection under the Convention Against Torture. The immigration judge found him credible but denied all relief and ordered him to be removed. And the Board of Immigration Appeals dismissed his appeal. Rogers petitions for review of the denial of withholding and Convention protection. But he does not contest that, as an aggravated felon, he cannot get asylum.

Though Rogers dresses up his challenges as legal, they are factual. The Immigration and Nationality Act bars judicial review of findings of fact underlying orders to remove aggravated felons. 8 U.S.C. § 1252(a)(2)(C)–(D). But the Supreme Court has read these provisions narrowly to let us review the factual findings underlying an order denying Convention relief. *Nasrallah v. Barr*, 140 S. Ct. 1683, 1689–94 (2020). And *Nasrallah*'s logic seems to apply equally to orders denying withholding of removal. *Id.* at 1697–98 (Thomas, J., dissenting); *see also Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2292 (2021) (Thomas, J., concurring in part and concurring in the judgment).

Though we have not yet resolved that issue precedentially, we proceed on that understanding. So we review the agency's factual findings for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the

contrary." § 1252(b)(4)(B). But we cannot review any issues that Rogers failed to exhaust before the agency. § 1252(d)(1).

Rogers's withholding claim fails. He fears persecution as an alcoholic, mentally ill former refugee. He notes that he does not belong to an extended social network and so would be socially isolated. He would be stigmatized, face discrimination, and find it hard to get work or healthcare. Others with his conditions face those problems. These realistic prospects, though harsh, do not rise to the level of persecution. *See Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 106 (3d Cir. 2020) (describing "persecution as including treatment like death threats, involuntary confinement, and torture that rises to the level of a severe affront to" a person's life or freedom (cleaned up)); *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 341 (3d Cir. 2008). So there is no basis to withhold removal.

Rogers also fears persecution as a member of his father's family. But he testified that this fear is speculative. The Board relied on that testimony to reject this claim. Because he did not challenge reliance on that testimony before the Board (or before us), he has failed to exhaust it. That is enough to dispose of his family-based claim for withholding.

Rogers's Convention claim fails too. Substantial evidence supports the agency's finding that he is not likely to be tortured if returned to Sierra Leone. And he has not overcome the highly deferential standard of review. So we will deny his petition for review.